

U.S. Department of Justice

United States Attorney
Southern District of New York

*86 Chambers Street*
*New York, NY 10007*

April 16, 2021

By ECF
Hon. P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl St.
New York, New York 10007

     Re:    *Herrera, et al. v. United States of America, et al.*, No. 20 Civ. 10206 (PKC)

Dear Judge Castel:

     This Office represents Defendants the United States of America ("United States"), Norman Reid, Ronald West, Stacey Harris, Troylinda Hill, and Nicole Lewis (the "Individual Defendants," and with the United States, the "Government") in the above-captioned matter.[1] Plaintiffs, who are former inmates at Metropolitan Correctional Center ("MCC"), assert claims pursuant to the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), arising out of alleged sexual abuse committed by Defendant Colin Akparanta, whom this Office does not represent. *See* ECF No. 1 ("Compl."). Plaintiffs allege that the Government is liable for failing to detect and prevent Akparanta's conduct. The Government submits this letter pursuant to the Court's Individual Rule 3.A to seek leave to file a motion to dismiss Plaintiffs' Complaint on the following schedule: (1) the Government's Motion to Dismiss: **May 28, 2021**; (2) Plaintiffs' Opposition: **July 2, 2021**; and the Government's Reply: **July 16, 2021**. Alternatively, the Government requests that the Court hold a pre-motion conference on its anticipated motion. A conference is currently scheduled for **May 3, 2021 at 10:30 am**. As set forth below, Plaintiffs have failed to state a *Bivens* claim, and Plaintiffs' FTCA claim is barred by the discretionary function exception to the FTCA.[2]

     **I.**    **Plaintiffs Lack a *Bivens* Remedy**

     Plaintiffs' claims against the Individual Defendants should be dismissed pursuant to Rule 12(b)(6) because *Bivens* does not provide them with a right of action. "[E]xpanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)

---

[1] This Office does not currently represent Defendant Shakiyl Collier. Mr. Collier has until April 30 to respond to the Complaint. *See* ECF No. 28; Fed. R. Civ. P. 12(a)(1)(A)(ii) & (3). If this Office becomes authorized to represent Mr. Collier, we will notify the Court whether he will join in the Government's anticipated motion.

[2] The Government recently filed a motion to dismiss in a case in this district raising similar claims arising out of Akparanta's misconduct. *See Santiago v. United States*, No. 20 Civ. 6887 (SHS), ECF Nos. 50-53 (S.D.N.Y. Jan. 29, 2021).

(internal quotation marks omitted). Because Plaintiffs' claims are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court," and because "special factors counsel[] hesitation" against expanding a new *Bivens* remedy, this Court should not extend *Bivens* to Plaintiffs' Fifth and Eighth Amendment claims. *Id.* at 1857, 1859.

Both of Plaintiffs' *Bivens* claims against the Individual Defendants rely on the theory that the Individual Defendants failed to protect them from abuse at the hands of Akparanta. However, "[t]he Supreme Court has recognized only three *Bivens* contexts, none of which include failure to protect." *Cannenier v. Skipper-Scott*, No. 18 Civ. 2383 (LGS), 2019 WL 764795, at *5 (S.D.N.Y. Feb. 20, 2019). As such, the weight of authority after the Supreme Court's decision in *Abbasi* supports the conclusion that claims alleging deliberate indifference to inmate safety, as Plaintiffs allege here, are new *Bivens* contexts. *See, e.g.*, *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 440 (D.N.J. 2018) ("Eighth Amendment sexual assault, failure to protect, failure to intervene, and failure to investigate claims . . . are new *Bivens* contexts."); *Oden v. True*, No. 18 Civ. 600 (GCS), 2020 WL 4049922, at *5 (S.D. Ill. July 20, 2020) (same); *Morgan v. Shivers*, No. 14 Civ. 7921 (GHW), 2018 WL 618451, at *5 (S.D.N.Y. Jan. 29, 2018) (same under Fifth Amendment, as plaintiff was a pre-trial detainee); *but see, e.g.*, *Walker v. Schult*, 463 F. Supp. 3d 323, 330 (N.D.N.Y. 2020) (not a new context).

Special factors also counsel hesitation against expanding a new *Bivens* remedy to Plaintiffs' claims. For example, courts "are ill equipped to deal with the increasingly urgent problems of prison administration." *Bell v. Wolfish*, 441 U.S. 520, 531 (1979). Further, "Congress has been active in the area of prisoners' rights,"—including by passing the Prison Rape Elimination Act of 2003 ("PREA")—"and its actions do not support the creation of a new *Bivens* claim." *Hunt v. Matevousian*, 336 F. Supp. 3d 1159, 1169 (E.D. Cal. 2018). And finally, state tort law and the Bureau of Prison's Administrative Remedy Program provide alternative remedial structures through which Plaintiffs can seek recourse. *Dudley v. United States*, No. 19 Civ. 317, 2020 WL 532338, at *8 (N.D. Tex. Feb. 3, 2020). The Second Circuit has noted that "[t]he only relevant threshold" to extending a *Bivens* remedy, "that a factor 'counsels hesitation'—is remarkably low." *Arar v. Ashcroft*, 585 F.3d 559, 574 (2d Cir. 2009) (en banc). Each of the factors mentioned above meet this threshold.

## II.     Plaintiffs' FTCA Claims Are Barred by the Discretionary Function Exception

Plaintiffs' FTCA negligence and failure to supervise claims are both premised on the claim that employees of the MCC "knew or should have known Defendant Akparanta had a propensity to sexually abuse inmates," but failed to take appropriate measures—through detection, investigation, prevention, supervision, and discipline—to prevent his sexual abuse. *See, e.g.*, Compl. ¶¶ 197, 200-01, 253-62. These claims are barred by the discretionary-function exception to the FTCA, which "suspends the FTCA from applying to '[a]ny claim . . . based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Molchatsky v. United States*, 713 F.3d 159, 162 (2d Cir. 2013) (quoting 28 U.S.C. § 2680(a)). In addition, Plaintiffs' negligent infliction of emotional distress claim—which repeat the allegations of their negligent supervision, discipline, and retention claims, *compare, e.g.*, Compl. ¶¶ 197, 200-01, 253-62, *with id.* at ¶¶ 231, 234-35—should be dismissed as duplicative because "[n]o negligent infliction of emotional distress or intentional infliction of emotional

distress claim will lie where 'the conduct underlying the claim[s] falls within the ambit of traditional tort liability.'" *Ojo v. United States*, No. 15 Civ. 6089 (ARR), 2018 WL 3863441, at *6 (E.D.N.Y. Aug. 14, 2018) (quoting *Moore v. City of New York*, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002)).

Plaintiffs' FTCA claims sound in theories that typically fall within the discretionary function exception, like failure to supervise, failure to investigate, and failure to discipline. *See Dykstra v. U.S. Bureau of Prisons,* 140 F.3d 791, 796 (8th Cir. 1998) ("Prison officials supervise inmates based upon security levels, available resources, classification of inmates, and other factors. These factors upon which prison officials base such decisions are inherently grounded in social, political, and economic policy."); *Li v. Aponte*, No. 05 Civ. 6237 (NRB), 2008 WL 4308127, at *8 (S.D.N.Y. Sept. 16, 2008) ("Personnel decisions of the United States generally fall within the discretionary function exception to the FTCA."); *Salafia v. United States*, 578 F. Supp. 2d 435, 440 (D. Conn. 2008) ("[C]ourts have repeatedly concluded that investigative functions qualify as discretionary functions to which § 2680(a) applies."). Although the discretionary function exception does not apply when challenged actions are "compelled by statute or regulation" or are not "susceptible to policy analysis," *Coulthrust v. United States*, 214 F.3d 106, 109 (2d Cir. 2000), that is not the case here.

As the Government will explain in its motion to dismiss, regulations and policy statements promulgated by the Bureau of Prisons implementing the PREA provide MCC staff with "an element of judgment or choice" such that MCC's sexual assault prevention and response measures are not "compelled by . . . regulation." *United States v. Gaubert*, 499 U.S. 315, 322 (1991); *see, e.g.*, 28 C.F.R. § 115.13(a) (eleven factors to balance in staffing and monitoring plan); BOP Program Statement 5324.12 (June 4, 2015) (PREA Manager "reviews relevant factors and makes a determination" whether to investigate); 28 C.F.R. § 115.76(c) (explaining factors to consider in disciplinary actions). MCC officials' decisions rendered in accordance with this framework were also susceptible to policy analysis and therefore fell within the discretionary function exception. *See, e.g.*, *Dudley*, 2020 WL 532338, at *12 ("claims of negligent retention and negligent supervision must . . . be dismissed as barred by the discretionary function exception" because "the PREA standards recited by [the plaintiff] actually grant prison official broad discretion in investigating and disciplining actual or potential instances of sexual abuse"); *Tilga v. United States*, No. 14 Civ. 256 (JAP), 2014 WL 12783121, at *16 (D.N.M. Dec. 5, 2014) ("Although the PREA and its related regulations require the agency to take certain actions, the language of the statute and regulations allow an agency significant discretion in how best to prevent incidents of sexual abuse at a particular facility."); *but see Riascos-Hurtado v. United States*, No. 09 Civ. 0003 (RJD), 2015 WL 3603965, at *6-*7 (E.D.N.Y. June 5, 2015). As such, Plaintiffs' FTCA claims fall within the discretionary function exception and should accordingly be dismissed pursuant to Rule 12(b)(1).

\* \* \*

For the foregoing reasons, the Court should grant the Government's request for leave to file a motion to dismiss. We thank the Court for its consideration of this request.

Respectfully,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: */s/ Allison M. Rovner*
    ALLISON M. ROVNER
    ZACHARY BANNON
    Assistant United States Attorneys
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel.: (212) 637-2691/2728
    Email: Allison.Rovner@usdoj.gov