# THE JACOB D. FUCHSBERG LAW FIRM, LLP

**3 PARK AVENUE, SUITE 3700**
**NEW YORK, NEW YORK 10016**
**TEL: (212) 869-3500**
**FAX: (212) 398-1532**
**www.fuchsberg.com**

ALAN L. FUCHSBERG
BRADLEY S. ZIMMERMAN
_____

ELI A. FUCHSBERG*
KEITH H. GROSS
AARON HALPERN*
JOSEPH LANNI*
SHANNON MONTGOMERY*
CHRISTOPHER NYBERG*
WALTER OSUNA*
_____

ANGELINA ADAM*
NEAL BHUSHAN*
SAMANTHA GUPTA
JAEHYUN OH*
ILANA S. WOLK*
_____

*ALSO ADMITTED IN NEW JERSEY

JACOB D. FUCHSBERG
(1913-1995)
_____

ROSALIND FUCHSBERG KAUFMAN
COUNSEL EMERITUS

THOMAS S. HOWARD*
OF COUNSEL

April 21, 2021

VIA ECF
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

        Re:        Karilie Herrera, et al. v. United States of America, et al.
                    Index No.: 1:20-cv-10206-PKC

Dear Judge Castel:

        This office represents Plaintiffs Karilie Herrera, Franchesca Morales, and Carolyn Richardson in the above-referenced matter. Plaintiffs brought this suit pursuant to _Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics_, 403 U.S. 388 (1971) ("_Bivens_") and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, _et seq._, for Defendants' unconstitutional and otherwise unlawful conduct that caused Plaintiffs to suffer stalking, harassment, assault, and sexual abuse on numerous occasions in 2017 and 2018 under the custody of Federal Bureau of Prisons ("BOP") at the hands of Colin Akparanta, a former Correction Officer at Metropolitan Correctional Center - New York ("MCC").[1] We respectfully

---

[1] Plaintiffs named the United States as the Defendant for the FTCA claims and the following individual Defendants for the _Bivens_ claims: Colin Akparanta himself, Norman Reid and Ronald West as Akparanta's supervisors, and Stacey Harris, Shakiyl Collier, Troylinda Hill, and Nicole Lewis as fellow officers who upon information and belief knew about Akparanta's sexual misconduct. As this letter is being filed in opposition to the pre-motion letter of Defendants United States, Reid, West, Harris, Hill, and Lewis, this letter will refer to these Defendants collectively as "Government Defendants."

submit this letter in response to the Government Defendants' April 16, 2021 pre-motion letter to the Court (*i.e.*, Dkt. No. 33), wherein they sought leave to file a pre-answer motion to partially dismiss the Complaint.[2] We respectfully submit that the proposed motion would be meritless and a waste of judicial resources, especially at this early juncture of the lawsuit without having engaged in any discovery.[3] We do not seek leave to amend the Complaint at the present time, as we firmly believe that the factual allegations in the Complaint are more than sufficient to state Plaintiffs' claims both under *Bivens* and FTCA. In accordance with Your Honor's Individual Practices, we note that the Initial Pretrial Conference in this matter is currently scheduled for May 7, 2021 at 12:00pm.

In their pre-motion letter, the Government Defendants rely heavily on the general doctrines of discretionary function exception to FTCA and caution against "expanding the *Bivens* remedy," Dkt. No. 33 at 1, without offering an explanation as to why these doctrines preclude the viability of Plaintiffs' claims as a matter of law. Defendants do not address Plaintiffs' detailed allegations that the Government Defendants, as Akparanta's superior or peer officers at MCC, ignored numerous indications that Akparanta sexually abused at least 14 inmates over 14 years that he worked as a Correction Officer at MCC—from 2004 through 2018. *See* Compl. ¶¶ 1, 39-40, 46, 49, 53. Plaintiffs allege that the sexual abuse they came to suffer in 2017 and 2018 could only occur *because* the Defendants condoned Akparanta's sexual misconduct, including by disregarding warning signs and sex abuse allegations against Akparanta that were known to the Defendants by 2012 at the latest. *Id.* ¶¶ 3-4, 7, 39-59, 120, 144, 168.

Defendants do not contend that Akparanta's sexual predation on inmates is a mere conjecture—nor can they. After Akparanta was finally suspended from BOP employment in or around December 2018, he was criminally indicted for having sexually abused inmates and, on March 4, 2020, pled guilty to the charge. *See id.* ¶¶ 2, 4, 111-16. During the plea hearing on March 4, 2020, the Government indicated that there was sufficient evidence amassed to prove beyond a reasonable doubt that Akparanta had sexual contacts with no fewer than seven inmates at MCC since at least 2012. *Id.*

Nevertheless, as Akparanta will be represented separately from the Government Defendants in this lawsuit, the Government Defendants attempt to evade *Bivens* and FTCA liability by claiming that these Defendants' failure to prevent Akparanta's recurrent sexual predation was not a constitutional violation and was a mere matter of discretionary judgment. In doing so, the Government Defendants disregard the crux of Plaintiffs' claim against them—that it "was only through the deliberate indifference, recklessness, carelessness, gross negligence, and negligence of other BOP personnel, as well as abject systemic failures at MCC, that Defendant Akparanta's abuses could continue […] until around December 2018." Compl. ¶ 6. As an example, Plaintiffs allege that as part of his *modus operandi* in sexually abusing inmates,

---

[2] Government Defendants' pre-motion letter did not address Plaintiffs' claims against Defendant Colin Akparanta and Defendant Shakiyl Collier.

[3] Even though Government Defendants' pre-motion letter notes that they recently filed a motion to dismiss in this district in another case arising out of Akparanta's sexual abuse of inmates, *Santiago v. United States*, No. 20 Civ. 6887 (SHS), Honorable Sidney H. Stein presiding on that case does not require pre-motion submission or conference as part of her Individual Practices. Therefore, the Government Defendants' having filed a motion to dismiss in that case is not probative on the issue of whether the motion is meritorious.

Akparanta necessarily committed flagrant and obvious violations of MCC's mandatory security and operating protocols, which the Government Defendants knew yet condoned. *See id.* ¶¶ 3, 40-59, 99, 109-11, 117-29. Furthermore, given the unique context of a correctional facility, including constant mandatory surveillance, Plaintiffs allege that the Government Defendants were, or at a minimum should have been, aware that Akparanta was engaging in frequent suspicious conduct such as taking certain female inmates to off-camera areas known as the "Bubble," where inmates must not be allowed based on MCC's protocols. *Id.* ¶¶ 7, 10, 41, 46, 82-83, 90, 105. Defendants ignored these recurring behavioral patterns as well as MCC inmates' actual sex abuse complaints against Akparanta for at least six years, in stark contrast to BOP's "purported zero-tolerance policy against suspected staff-on-inmate sex abuse." *Id.* ¶ 5.

On these facts, taken as true at this early juncture of the lawsuit, the Second Circuit precedents clearly establish *Bivens* liability against the Government Defendants based on their failure to provide Plaintiffs reasonable or adequate protection from the known risk of sexual attacks. *See Shannon v. Venettozzi*, 670 F. App'x 29, 31 (2d Cir. 2016); *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015). Even if *arguendo* Defendants' conduct did not rise to the level of deliberate indifference, which it did, Government Defendants cannot evade liability under FTCA when they were, at a minimum, negligent in allowing Akparata's predatory behavior to continue for years by their careless inattentiveness. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006); *Coulthurst v. United States*, 214 F.3d 106, 111 (2d Cir. 2000). Defendants cannot shield their abject failures to stop Akparanta's sexual abuse by claiming that such failures should somehow be regarded as a discretionary judgment with legitimate policy purpose.

## I.     Plaintiffs have alleged plausible *Bivens* claims.

The cases cited in the Government Defendants' pre-motion letter do not support their attempt to dismiss Plaintiffs' *Bivens* claims. Government Defendants rely on the Supreme Court's warning against expanding the *Bivens* remedy to "a new *Bivens* context," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017). However, that caution was directed against expanding *Bivens* claim to a novel type of cases where, for example, alternative remedies are already present. This is not a case where we are seeking to expand the *Bivens* remedy to a new context.

Under *Farmer v. Brennan*, 511 U.S. 825, 830 (1994) and its progeny, it is well established that prison employees' deliberate indifference to known threats of sexual violence constitutes cruel and unusual punishment, which is prohibited by the Eighth Amendment.[4] The Second Circuit has established clear legal standards for a *Bivens* action based upon such deliberate indifference. *See, e.g., Boddie v. Schnieder*, 105 F.3d 857, 861-62 (2d Cir. 1997) ("[S]exual abuse by a corrections officer may state an Eighth Amendment claim[.]"); *Crawford*, 796 F.3d at 260 ("[T]he sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system, offends our most basic principles of just punishment."); *Shannon*, 670 F. App'x at 31 (vacating the district court's dismissal of claims under the Eighth Amendment involving sexual abuse of inmate and failure to

---

[4] To the extent that Plaintiffs suffered Akparanta's abuse during pre-trial detention, they were also protected by the Fifth Amendment's Due Process Clause, which provides greater protection than the Eighth Amendment's prohibition against cruel and unusual punishment as for convicted prisoners. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

protect). Indeed, cases in this district have found it "*well established* that the sexual exploitation of prisoners by prison guards amounts to a constitutional violation." *Qasem v. Toro*, 737 F. Supp. 2d 147, 153 (S.D.N.Y. 2010); *see also Burhans v. Lopez*, 24 F. Supp. 3d 375, 384-85 (S.D.N.Y. 2014) ("No reasonable official ... could have believed that turning a blind eye to [another official's sexual] misconduct was consistent with clearly established law.").

Here, Plaintiffs allege with specificity that the Government Defendants failed to take corrective action to protect them *after* learning of Akparanta's sexual abuse. *See* Compl. ¶¶ 3-4, 7, 39-59, 120, 144, 168. It is "clearly established that … prison officials violate inmates' constitutional rights by showing deliberate indifference to a substantial risk of sexual abuse when the officials know of and disregard an excessive risk of that harm occurring" as here. *Carpenter v. Apple*, 2017 WL 3887908 at *12 (N.D.N.Y. Sep. 5, 2017) (citing *Farmer*, 511 U.S. at 837). Further bolstering the Government Defendants' subjective awareness of Akparanta's sexual predation are the various comments made by the Defendants, in response to inmates' complaints regarding Akparanta— "eventually he will get caught" by Defendant Collier (Compl. ¶ 5), "I don't want to hear nothing about my officers touching you" by Defendant Lewis (*id.* ¶ 100), "go to your cell" and "stay away from the Bubble" by Defendants Reid and Harris (*id.* ¶ 105), and "I know something was happening but could never catch him" by Defendant Harris (*id.* ¶ 117). It is notable that in attempting to argue that this is a novel context to apply *Bivens* remedy, the Government Defendants fail to cite a single Second Circuit case on point.[5]

## II.    Plaintiffs have alleged plausible FTCA claims.

Government Defendants' second argument is that Plaintiffs' FTCA claims are barred by the discretionary function exception to FTCA. By doing so, Defendants appear to make an absurd argument that Defendants' disregard of numerous warning signs of Akparanta's sexual predation should be excused as "governmental actions and decisions based on considerations of public policy." *Berkovitz v. United States*, 486 U.S. 531, 537 (1988). This argument is contradicted not only by common sense but also by the BOP protocols and regulations cited in the Complaint, which purport zero-tolerance policy against officer-on-inmate sexual misconduct. *See, e.g.*, Compl. ¶ 109 ("28 CFR § 115.61, wherein all staff members must immediately report *any knowledge, suspicion, or information* regarding an incident of sexual abuse or sexual harassment"), ¶ 51 ("BOP Policy Number 5324.12 … wherein [t]he agency shall require all staff to *report immediately … any knowledge, suspicion, or information* regarding an incident of sexual abuse or sexual harassment that occurred in a facility … and any staff neglect or violation of responsibilities that *may have* contributed to an incident or retaliation"), ¶ 50 ("Sexually Abusive Behavior Prevention & Intervention Program requires staff to *immediately* safeguard an alleged victim when sexually abusive behaviors have been *reported*."), and ¶ 66 ("[M]andatory and non-discretionary BOP policies … required that BOP staff eliminate any known blind spots and install sufficient video monitoring to protect inmates against sexual abuse").

These mandatory regulations alone take Defendants' conduct outside the scope of discretionary acts shielded from FTCA liability. *See Berkovitz*, 486 U.S. at 536 ("[T]he

---

[5] *Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009), the single Second Circuit case cited by the Government Defendants, involved a wholly distinct factual circumstance—namely, an alien plaintiff who was allegedly removed to Syria for interrogation.

discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow."). For this reason, the Second Circuit has explicitly refused to find discretionary function exception to FTCA in similar cases. *See*, *e.g.*, *Triestman*, 470 F.3d at 475 (holding that a claim based on a jail officer's failure to diligently patrol or inspect the jail was not barred by the discretionary function exception, as plaintiffs' injuries "would have been prevented had the BOP adhered to its own regulations"); *Coulthurst*, 214 F.3d at 111 (same). Of note, Defendants' pre-motion letter cites some BOP regulations to show that a "manager" designated under Prison Rape Elimination Act can exercise some degree of discretion in *investigating* or *disciplining* the individual correction officers being accused of sexual assault. However, they do not address that "there are nonetheless mandatory regulations regarding the *supervision* and *reporting* of sexual abuse," including but not limited to those cited in the Plaintiffs' Complaint. *Riascos-Hurtado v. U.S.*, 2015 WL 3603965 at *7 (E.D.N.Y. June 5, 2015) (emphasis added).

Government Defendants appear to similarly challenge Plaintiffs' Fifth Cause of Action for Negligent Hiring, Retention, Training, and Supervision as purportedly subject to the discretionary function exception to the FTCA. It is not clear from the Government Defendants' pre-motion letter whether they are moving to dismiss this Cause of Action in its entirety, as they generically direct their argument to "failure to supervise claims." Dkt. No. 33 at 2. Notably, under similar factual circumstances involving a correction officer's sexual assault of an inmate, even when the court dismissed the claims for negligent *hiring* and *training* after discovery, the court nevertheless allowed the claims for negligent *retention* and *supervision* to proceed to trial when other correction officers ignored the warning signs of such assault. *See Riascos-Hurtado*, 2015 WL 3603965 at *6-*7 (denying summary judgment as to the claims of negligent retention and supervision while dismissing claims of negligent hiring and training, after a lengthy period of discovery indicating that the latter acts were based on administrative discretion); *Adorno v. Correctional Services Corp.*, 312 F.Supp.2d 505, 519-20 (S.D.N.Y. 2004) (similarly denying summary judgment as to the claim of negligent retention while dismissing the claim of negligent hiring). Without having the benefit of discovery, Plaintiffs' allegations that the Government Defendants knew or should have known about Akparata's propensity to rape inmates and yet kept employing him for 14 years should be sufficient to defeat Defendants' motion to dismiss. *See*, *e.g.*, Compl. ¶¶ 127, 196-97, 231.[6]

Over a period of two years, Plaintiffs endured horrific and recurrent sexual assault, abuse, and harassment, while Akparanta abused his position as a Correction Officer for his personal sexual gratification. Despite their knowledge of numerous warning signs, Government Defendants allowed Akparanta to maintain custodial control over MCC's female dormitory unit without intervention until at least December 2018. *Id.* ¶¶ 7, 12, 75, 93. Relevant caselaw including Second Circuit precedents establish Constitutional duties on the part of correction officers such as the Government Defendants to protect inmates from a known risk of sexual

---

[6] Government Defendants challenge Plaintiffs' Fourth Cause of Action for Negligent Infliction of Emotional Distress under FTCA on a separate ground that such claim is duplicative of the other FTCA claims under Negligence and Negligent Hiring, Retention, Training, and Supervision. This argument appears to contradict Government Defendants' argument that their conduct purportedly does not give rise to liability under these latter claims. Regardless, Plaintiffs also submit that their Negligent Infliction of Emotional Distress claim cannot be dismissed on its face without discovery.

predation. Caselaw also precludes application of discretionary function exception to FTCA as a matter of law, especially in the egregious context of officer-on-inmate sexual assault.

In conclusion, this case should be allowed to proceed to discovery without delay and without need to amend the Complaint. We respectfully submit that, taking allegations in the Complaint as true, Plaintiffs have pled plausible claims under *Bivens* and FTCA. At a minimum, Plaintiffs have raised factual issues that require discovery, as supported by the fact that most of the decisions cited above were from summary judgment motions at the close of discovery. Accordingly, Plaintiffs respectfully request that motion practice, if any, be deferred until after discovery is complete. Plaintiffs also request that this Court consider treating the Initial Pretrial Conference currently scheduled for May 7, 2021 at 12:00pm as a Pre-Motion Conference to explore the legal and factual basis of the proposed motion. We thank Your Honor for your consideration of this submission.

Respectfully submitted,

*/s/ Jaehyun Oh*
Jaehyun Oh
The Jacob D. Fuchsberg Law Firm, LLP
3 Park Avenue, 37th Floor
New York, New York 10016
(212) 869-3500, ext. 245
j.oh@fuchsberg.com

*Attorneys for Plaintiffs*

cc (via ECF):

Zachary Bannon, Esq.
Allison M. Rovner, Esq.
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2691/2728

*Attorneys for Government Defendants*