**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KARILIE HERRERA, FRANCHESCA MORALES,
and CAROLYN RICHARDSON,

                      Plaintiffs,

                -v-

UNITED STATES OF AMERICA, COLIN
AKPARANTA, NORMAN REID, LIEUTENANT
WEST, STACEY HARRIS, OFFICER COLLIER,
TROY HILL, OFFICER LEWIS, and JOHN/JANE
DOES 1-10,

                      Defendants.

20 Civ. 10206 (PKC)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOVING**
**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

                                            AUDREY STRAUSS
                                            United States Attorney for the
                                            Southern District of New York
                                            86 Chambers Street, 3rd Floor
                                            New York, New York 10007
                                            Tel.: (212) 637-2691/2728
                                            Fax:  (212) 637-2717
                                            E-mail: Allison.Rovner@usdoj.gov
                                                                               Zachary.Bannon@usdoj.gov

ALLISON ROVNER
ZACHARY BANNON
Assistant United States Attorneys
     – Of Counsel –

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................II

TABLE OF AUTHORITIES ......................................................................................................... III

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT.................................................................................................................................... 1

    I.    PLAINTIFFS' LACK A BIVENS REMEDY AGAINST MOVING DEFENDANTS............................. 1

        A.   Neither *Carlson v. Green* nor *Farmer v. Brennan* Recognized a Bivens Remedy for Failure to Protect Against Assault. ....................................................................................... 1

        B.   Special Factors Counsel Hesitation. ............................................................................ 4

    II.   PLAINTIFFS' FTCA CLAIMS FALL WITHIN THE DISCRETIONARY FUNCTION EXCEPTION. ... 6

        A.   BOP's Supervision, Discipline, and Retention Decisions Are Not Governed by Mandatory Regulations....................................................................................................... 6

        B.   BOP's Supervision and Disciplinary Decisions Implicate Policy Considerations. ........ 9

CONCLUSION............................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abdoulaye v. Cimaglia*,
No. 15 Civ. 4921 (PKC), 2018 WL 1890488 (S.D.N.Y. Mar. 30, 2018) ................................... 5

*Arar v. Ashcroft*,
585 F.3d 559 (2d Cir. 2009) ....................................................................................... 1, 4, 6

*Berkovitz v. United States*,
486 U.S. 531 (1988) ........................................................................................................ 8

*Burkhart v. Wash. Metro. Area Transit Auth.*,
112 F.3d 1207 (D.C. Cir. 1997) ...................................................................................... 9

*Calderon v. United States*,
123 F.3d 947 (7th Cir. 1997) .......................................................................................... 8

*Carlson v. Green*,
446 U.S. 14 (1980) ..................................................................................................... 1, 2

*Chambers v. Herrera*,
No. 17 Civ. 2564 (KES), 2019 WL 4391135 (C.D. Cal. July 9, 2019) ................................ 2, 4

*Chen v. United States*,
854 F.2d 622 (2d Cir. 1988) ............................................................................................ 8

*Correctional Services Corp. v. Malesko*,
534 U.S. 61 (2001) ......................................................................................................... 3

*Corsi v. Mueller*,
422 F. Supp. 3d 51 (D.D.C. 2019) ................................................................................... 4

*Coulthurst v. United States*,
214 F.3d 106 (2d Cir. 2000) ............................................................................................ 9

*Dudley v. United States*,
No. 19 Civ. 317, 2020 WL 532338 (N.D. Tex. Feb. 3, 2020) ................................................ 5

*Farmer v. Brennan*,
511 U.S. 825 (1994) ........................................................................................................ 3

*Hernandez v. Mesa*,
140 S. Ct. 735 (2020) ................................................................................................. 1, 2

*Johnson v. United States*,
   No. 18 Civ. 2178 (BEN), 2020 WL 3976995 (S.D. Cal. Jul. 14, 2020) .................................... 3

*Kelly v. United States*,
   924 F.2d 355 (1st Cir. 1991) .................................................................................................... 8

*Mccullon v. Parry*,
   No. 18 Civ. 469 (NYW), 2021 WL 877718 (D. Colo. Mar. 9, 2021) ........................................ 6

*McGowan v. United States*,
   94 F. Supp. 3d 382 (E.D.N.Y. 2015) ...................................................................................... 10

*McGowan v. United States*,
   825 F.3d 118 (2d Cir. 2016) ................................................................................................ 8, 10

*Noguera v. Hasty*,
   No. 99 Civ. 8786 (KMW), 2001 WL 243535 (S.D.N.Y. Mar. 12, 2001) ................................. 3

*Ochran v. United States*,
   117 F.3d 495 (11th Cir. 1997) ................................................................................................. 8

*Oden v. True*,
   No. 18 Civ. 600 (GCS), 2020 WL 4049922 (S.D. Ill. July 20, 2020) ...................................... 3

*Oneida Indian Nation v. County of Oneida*,
   617 F.3d 114 (2d Cir. 2010) ..................................................................................................... 3

*Oneil v. Rodriquez*,
   No. 18 Civ. (AMD), 2020 WL 5820548 (E.D.N.Y. Sept. 30, 2020) ........................................ 5

*Peterson v. Martinez*,
   No. 19 Civ. 1447 (WHO), 2020 WL 999832 (N.D. Cal. Mar. 2, 2020) ................................... 4

*Rivera v. Samilo*,
   370 F. Supp. 3d 362 (E.D.N.Y. 2019) ..................................................................................... 5

*Salafia v. United States*,
   578 F. Supp. 2d 435 (D. Conn. 2008) ...................................................................................... 8

*Scott v. Quay*,
   No. 19 Civ. 1075 (SMG), 2020 WL 8611292 ......................................................................... 5

*United States v. Gaubert*,
   499 U.S. 315 (1991) .............................................................................................................. 9, 10

*United States v. Varig Airlines*,
  467 U.S. 797 (1984)..................................................................................................... 10

*United States v. Verdugo-Urquidez*,
  494 U.S. 259 (1990)....................................................................................................... 3

*Walker v. Schult*,
  717 F.3d 119 (2d Cir. 2013)........................................................................................... 3

*Williams v. Suffolk County*,
  284 F. Supp. 3d 275 (E.D.N.Y. 2018) ........................................................................... 6

*Woodruff v. United States*,
  No. 16 Civ. 1884, 2020 WL 3297233 (D.D.C. June 18, 2020) ................................... 10

*Yee v. City of Escondido, Cal.*,
  503 U.S. 519 (1992)....................................................................................................... 3

*Ziglar v. Abbasi*,
  137 S. Ct. 1843 (2017).......................................................................................... 1, 2, 4, 5

**Statutes**

34 U.S.C. Ch. 303 .............................................................................................................. 7

42 U.S.C. § 1983................................................................................................................ 6

U.S.C. § 1983..................................................................................................................... 6

**Regulations**

28 C.F.R. Part 115............................................................................................................. 7

28 C.F.R. § 115.13(a)..................................................................................................... 7, 9

28 C.F.R. § 115.61(a)........................................................................................................ 8

28 C.F.R. § 115.76(c)........................................................................................................ 7

C.F.R. § 115.61(a)............................................................................................................. 8

**PRELIMINARY STATEMENT**

Moving Defendants' motion to dismiss addresses the limited question of whether a damages remedy is available against the United States and federal government employees for sexual assault committed by another federal employee. As explained in Moving Defendants' opening brief, under the circumstances pleaded in Plaintiffs' Complaint, this Court should conclude that no such action is available. Because Plaintiffs' opposition brief does not provide reason to conclude otherwise, Moving Defendants' motion to dismiss should be granted.

**ARGUMENT**

**I.      Plaintiffs' Lack a *Bivens* Remedy Against Moving Defendants.**

Plaintiffs do not have a *Bivens* right of action to assert that the individual Moving Defendants violated their constitutional rights by failing to protect them from Akparanta because their claims present a new context and special factors counsel hesitation.

   A.  *Neither* Carlson v. Green *nor* Farmer v. Brennan *Recognized a Bivens Remedy for Failure to Protect Against Assault.*

The Supreme Court has recognized *Bivens* remedies in three cases. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). Since then, "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). Because Plaintiffs' claims differ materially from those recognized by the Supreme Court, their claims present a new context which this Court must scrutinize because a "*Bivens* remedy is an extraordinary thing that should rarely if ever be applied in 'new contexts.'" *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (en banc).

Plaintiffs argue that their claims do not present a "new context" because the Supreme Court recognized claims for Eighth Amendment violations by prison officials in *Carlson v. Green*, 446 U.S. 14 (1980). *See* Dkt. No. 45 ("Pls. Opp.") at 10-11, 12-13. But the Supreme Court has made

1

clear that its "understanding of a 'new context' is broad," *Hernandez*, 140 S. Ct. at 743, and that

"even a modest extension" of a *Bivens* context "is still an extension." *Abbasi*, 137 S. Ct. at 1864.

Following this understanding, courts do not define a *Bivens* remedy at a high level of generality,

as Plaintiffs ask this Court to do. *See, e.g.*, *Cantu v. Moody*, 933 F.3d F.3d 414, 422 (5th Cir. 2019)

("Courts do not define a *Bivens* cause of action at the level of the Fourth Amendment or even at

the level of the unreasonable-searches-and-seizures clause.") (quotation marks omitted); *id.*

("What if a plaintiff asserts a violation of the same clause of the same amendment *in the same*

*way*? That still doesn't cut it.") (emphasis in original).

      As a general matter, "the new-context inquiry is easily satisfied." *Abbasi*, 137 S. Ct. at

1865. And so too here. *Carlson v. Green* involved claims that a prisoner was kept in a facility that

could not adequately attend to his asthmatic condition, resulting in his death. 446 U.S. at 16 n.1.

Plaintiffs' claims are that MCC employees failed to identify, address, and prevent Akparanta's

sexual abuses against them. Compl. ¶¶ 136-183. This context differs materially from that of

*Carlson* for several reasons, outlined in Moving Defendants' opening brief. Dkt. No. 41 ("Mov.

Def. Br.") at 11-12. Courts find that claims premised on prison officials' alleged failure to prevent

abuse from other guards presents a context distinct from *Carlson*. *See, e.g.*, *Chambers v. Herrera*,

No. 17 Civ. 2564 (KES), 2019 WL 4391135, at *9 (C.D. Cal. July 9, 2019) (Report and

Recommendation) ("Plaintiff's 'failure to protect from staff' claim is sufficiently dissimilar from

*Carlson* to constitute a new context for a *Bivens* claim."). Even the Supreme Court has declined to

extend *Carlson* to claims involving allegations indifference to abuse. *Abbasi*, 137 S. Ct. at 1865

(finding a "new context" in spite of noting that "[t]he differences between th[e] claim and the one

in *Carlson* are perhaps small").

      Plaintiffs also argue that their *Bivens* claims do not present a new context because the

Supreme Court implicitly recognized a right of action for claims like theirs in *Farmer v. Brennan*, 511 U.S. 825 (1994). Pls. Br. 13-14. But the question of whether *Bivens* should be extended was not presented to the Supreme Court in *Farmer*. *See* Brief of Petitioner, *Farmer v. Brennan*, 1993 WL 625980, at *i (Nov. 16, 1993).  The *Farmer* Court *could* have affirmed the lower court's ruling on the ground that the petitioner lacked a *Bivens* remedy, but it was not *required* to do so. *See Yee v. City of Escondido, Cal.*, 503 U.S. 519, 535-36 (1992) (explaining why the Supreme Court considers only the questions set forth in the petition for certiorari absent exceptional circumstances). "The [Supreme] Court often grants certiorari to decide particular legal issues while assuming without deciding the validity of antecedent propositions, and such assumptions . . . are not binding in future cases that directly raise the questions." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 272 (1990). That has long been the Supreme Court's practice in *Bivens* cases. *See Oden v. True*, No. 18 Civ. 600 (GCS), 2020 WL 4049922, at *4-*5 (S.D. Ill. July 20, 2020) (discussing one example). Here, there is no reason to read a holding into *Farmer*'s silence.[1]

Apart from the arguments discussed above, the primary authority within the Circuit relied upon by Plaintiffs—*Walker v. Schult*, 717 F.3d 119, 123 (2d Cir. 2013), and *Noguera v. Hasty*, No. 99 Civ. 8786 (KMW), 2001 WL 243535 (S.D.N.Y. Mar. 12, 2001)—pre-date *Abbasi* and do not analyze the availability of a *Bivens* right of action, much like in *Farmer*. They are therefore of limited precedential significance to the issues presented in this case. *See, e.g.*, *Johnson v. United States*, No. 18 Civ. 2178 (BEN), 2020 WL 3976995, at *4 (S.D. Cal. Jul. 14, 2020) (declining to

---

[1] Nor did the Supreme Court need to address whether the conduct at issue in *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), would have been actionable under *Bivens* if undertaken by a public agency, given the Court's conclusion that *Bivens* should not be extended to cover the conduct of a private contractor. *Cf.* Pls. Br. at 14-15. Courts need not address alternative arguments after opining on a dispositive issue. *See, e.g.*, *Oneida Indian Nation v. County of Oneida*, 617 F.3d 114, 135 n.14 (2d Cir. 2010).

accord weight to case that "pre-date[d] *Abbasi* . . . and d[id] not engage in the 'new context' and 'special factors' analysis required by the Supreme Court"); *Corsi v. Mueller*, 422 F. Supp. 3d 51, 78 n.20 (D.D.C. 2019) (same). For the reasons stated in Moving Defendant's opening brief, Mov. Def. Br. 10-13, the Court should conclude that Plaintiffs' claims present a new context.

###### B.   *Special Factors Counsel Hesitation.*

Moving Defendants identified three factors that counsel against extension of a *Bivens* remedy to Plaintiffs' claims: the complexity of prison administration, Congress's decision not to afford a damages remedy against federal prison officials despite its legislative activity in that sphere, and the availability of alternate remedies. Mov. Def. Br. 15-18.   Plaintiffs have not provided reason to doubt that these factors counsel hesitation. *Arar*, 585 F.3d at 574.

To begin, Plaintiffs challenge conduct that implicates prison policy in a meaningful way. *See Chambers*, 2019 WL 4391135, at *9 (noting that "failing to reassign or discipline" officer engaged in misconduct "flow[s] from prison policies" and that recognizing a claim against prison employees for failing to protect "inmates from other COs" could "negatively impact prison operations by increasing administrative burdens without materially deterring violence"). Plaintiffs argue that the complexity of prison administration need not be considered as a "special factor" when a plaintiff alleges that defendants violated federal regulations and policy. *See* Pls. Br. at 16-17. But courts have considered the difficulty of prison administration as a "special factor" even where official conduct violates official policy. *See, e.g.*, *Abbasi*, 137 S. Ct. at 1864 (noting, contrary to Plaintiffs' argument, *see* Pls. Br. at 17, that the complaint at issue "allege[d] serious violations of Bureau of Prisons policy"); *see also Peterson v. Martinez*, No. 19 Civ. 1447 (WHO), 2020 WL 999832, at *10 (N.D. Cal. Mar. 2, 2020) (finding that special factors counseled hesitation even though plaintiff's claims "s[ought] to enforce the policy against prison rape").

Second, Plaintiffs' argument that their claim is *supported* by the fact that Congress passed the PLRA and PREA without extinguishing *Bivens*, Pls. Br. at 17, is contrary to authority. Courts have considered passage of the PLRA and PREA as a factor counseling *against* extending *Bivens*. *See, e.g.*, *Oneil v. Rodriquez*, No. 18 Civ. (AMD), 2020 WL 5820548, at *4 (E.D.N.Y. Sept. 30, 2020); *Morgan*, 2018 WL 618451, at *7; *Dudley v. United States*, No. 19 Civ. 317, 2020 WL 532338, at *7 (N.D. Tex. Feb. 3, 2020). And the Supreme Court has noted that "Congress had specific occasion to consider the matter of prison abuse and to consider the proper way to remedy those wrongs," but that Congress instead did "not provide for a standalone damages remedy against federal jailers." *Abbasi*, 137 S. Ct. at 1865; *see also Abdoulaye v. Cimaglia*, No. 15 Civ. 4921 (PKC), 2018 WL 1890488, at *7 (S.D.N.Y. Mar. 30, 2018) (same).

Third, the BOP's Administrative Remedy Program and the existence of state-law tort remedies counsel hesitation against extending *Bivens* even if they are not "equally effective" as a *Bivens* remedy. Pls. Br. at 17-18. Courts routinely find that state-law tort remedies (and the FTCA) are special factors weighing against implying a *Bivens* remedy. *Cf. Rivera v. Samilo*, 370 F. Supp. 3d 362, 370 (E.D.N.Y. 2019) (collecting cases providing that state-law claims can counsel hesitation); *Abdoulaye*, 2018 WL 1890488, at *7 (same, with respect to the FTCA). And the existence of BOP's Administrative Remedy Program also counsels hesitation. *See Dudley*, 2020 WL 532338, at *8 (collecting cases). This is true because "if Congress has created *any* alternative, existing process for protecting the injured party's interest[,] that itself may amount to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Abbasi*, 137 S. Ct. at 1858 (quotation marks, alterations, and citation omitted) (emphasis added); *see also Scott v. Quay*, No. 19 Civ. 1075 (SMG), 2020 WL 8611292, at * (E.D.N.Y. Nov. 16, 2020) (Report and Recommendation) ("The reasoning and result in *Abbasi*,

5

though, call into serious question the continued viability of the test articulated in *Carlson* for when

the availability of an alternative remedy precludes a *Bivens* claim.").

Finally, Plaintiffs' suggestion that a *Bivens* remedy should be available because the conduct

they challenge would be actionable against state and local jailers under 42 U.S.C. § 1983, Pls. Br.

at 16 n.14, is also contrary to authority. "As jurisprudence developed, it became clear that *Bivens*

was not co-extensive to 42 U.S.C. § 1983 . . . [because] [t]he Supreme Court has limited the

application of *Bivens* to only a handful of constitutional violations." *Mccullon v. Parry*, No. 18

Civ. 469 (NYW), 2021 WL 877718, at *4 (D. Colo. Mar. 9, 2021). In other words, where a *Bivens*

remedy has been recognized, the same substantive standards apply as would under § 1983. But the

claims actionable under *Bivens* are much narrower in the first instance.

* * *

Because the Supreme Court has not recognized a *Bivens* remedy for claims like Plaintiffs',

and because special factors overcome the "remarkably low" threshold to counsel against extending

a remedy, *Arar*, 585 F.3d at 574, Plaintiffs' *Bivens* claims should be dismissed.

## II.   Plaintiffs' FTCA Claims Fall Within the Discretionary Function Exception.

Plaintiffs' FTCA claims challenge Moving Defendants' response to Akparanta's sexual

misconduct. Compl. ¶¶ 184-262. As explained in the Government's opening brief, supervisory and

disciplinary decisions are discretionary, are not governed by mandatory regulations or policy, and

involve policy judgments. Mov. Def. Br. 16-24.[2] Plaintiffs have not adequately rebutted Moving

Defendants' showing.

   *A.  BOP's Supervision, Discipline, and Retention Decisions Are Not Governed by
       Mandatory Regulations.*

---

[2] Plaintiffs do not address Moving Defendants' argument that their negligent infliction of
emotional distress claim is duplicative. Mov. Def. Br. at 16 n.8. That claim should accordingly be
deemed abandoned. *See Williams v. Suffolk County*, 284 F. Supp. 3d 275, 284 (E.D.N.Y. 2018).

BOP's sexual assault response protocol is governed by statute, *see* 34 U.S.C. Ch. 303, regulation, *see* 28 C.F.R. Part 115, and policy statements, *see* Dkt. No. 42 ("Best Decl.") Exs. A-D; *see also* Mov. Def. Br. at 3-6. This protocol set forth procedures for the prevention, identification, investigation, and discipline of sexual assault at BOP facilities. It provides BOP with broad discretion in accomplishing these tasks. *See, e.g.*, 28 C.F.R. § 115.13(a) (facilities must make "best efforts to comply on a regular basis with a staffing plan that provides for adequate levels of staffing and, where applicable, video monitoring"); 2015 Statement at 37 (requiring that "staff intervene as appropriate . . . in behaviors that may subsequently lead to an incident of sexual abuse"); 28 C.F.R. § 115.76(c) (discipline should be "commensurate with the nature and circumstances of the acts committed, the staff member's disciplinary history, and the sanctions imposed for comparable offenses by other staff with similar histories").

Recognizing that BOP's sexual assault protocol is replete with examples of discretionary decision-making for BOP officials addressing sexual abuse, Plaintiffs' focus their argument on the limited aspect of the protocol that is non-discretionary—that "[a]ll staff must report information concerning incident or possible incidents of sexual abuse or sexual harassment to the Operations Lieutenant," 2015 Statement at 37. *See* Pls. Br. at 20-21. This single step in the BOP sexual assault response protocol does not bring Plaintiffs' claims outside the discretionary function exemption for two independent reasons.

First, although Moving Defendants do not dispute that some of the reporting requirements in BOP's protocol contain mandatory language, Plaintiffs fail to recognize that non-discretionary investigative *steps* do not render BOP's regime for supervision, discipline, and retention non-discretionary because nothing in the regulations or policies mandate a particular outcome for any

7

investigation.[3] Where there are no regulations that "compel[] a   particular outcome to . . . investigations of . . . allegations of misconduct," challenges to the outcomes of those investigations are discretionary. *Salafia v. United States*, 578 F. Supp. 2d 435, 440-41 (D. Conn. 2008). This is true even when regulations employ mandatory language to describe investigative steps taken along the way. *See, e.g.*, *Kelly v. United States*, 924 F.2d 355, 359-62 (1st Cir. 1991); *Calderon v. United States*, 123 F.3d 947, 949-50 (7th Cir. 1997) (BOP actions based on regulations stating that staff "shall" take disciplinary action against inmates in certain circumstances subject to discretionary function exception); *Ochran v. United States*, 117 F.3d 495, 500-01 (11th Cir. 1997) ("[T]he use of the word 'shall' in describing the responsibilities of the AUSA does not necessarily mean that the Guidelines left no room for the AUSA to exercise judgment or choice.").

Second, Plaintiffs cannot dissect the mandatory reporting requirements from BOP's discretionary scheme governing the investigation of and response to sexual misconduct. Mov. Def. Br. at 23-24. There is no private right of action through which Plaintiffs can directly enforce the reporting requirement contained in 28 C.F.R. § 115.61(a). *Morgan*, 2018 WL 618451, at *7 (PREA "has not . . . been interpreted to establish a private cause of action."). And FTCA claims do not lie where they are "grounded solely on the government's failure to follow applicable regulations," *McGowan v. United States*, 825 F.3d 118, 127 (2d Cir. 2016), unless those regulations impose a duty "comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred." *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988) (quotation marks

---

[3] The fact that BOP's regulations and policy do not compel an outcome to any sexual misconduct investigation distinguishes this matter from *Berkovitz by Berkovitz v. United States*, 486 U.S. 531 (1988), relied upon by Plaintiffs, *see* Pls. Br. at 20-21. In *Berkovitz*, the plaintiffs challenged a mandatory aspect of a polio vaccine licensing regime that, if followed, would have prevented the vaccine at issue from being licensed. *Berkovitz*, 486 U.S. at 542-43. Here, discretionary investigative steps flowed from BOP's sole non-discretionary reporting requirement.

omitted). Here, neither the Complaint nor Plaintiffs' opposition brief points to any private analogue to their claim that BOP officials should have reported suspicions of sexual misconduct to their supervisors. *See* Pls. Br. at 24-25 (discussing cases that did not address the private analogue requirement). Absent a private analogue, Plaintiffs cannot premise their FTCA claims on violation of the BOP's sexual assault protocol reporting requirement alone.

In short, because BOP's response protocol is replete with discretionary steps, it is not "compelled by statute or regulation." *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000).

### B.   *BOP's Supervision and Disciplinary Decisions Implicate Policy Considerations.*

Finally, the way the Government prevents, responds to, and disciplines sexual misconduct implicates policy considerations both intrinsic to the supervision and discipline of employees, *see, e.g.*, *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997), and explicitly provided for in the regulations and policy statements setting forth BOP's sexual misconduct protocol, *see, e.g.*, 28 C.F.R. § 115.13(a) (when determining staffing and video monitoring levels, facilities must consider eleven factors).

Rather than contesting whether the regulations governing the BOP's sexual assault protocol are grounded in public policy considerations, Plaintiffs argue that they have plausibly alleged that BOP employees made decisions out of laziness or inattentiveness, without regard to the relevant policies. Pls. Br. at 22-25. Plaintiffs' argument ignores the Supreme Court's direction that "the very existence of [a] regulation [providing an employee with discretion] creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *United States v. Gaubert*, 499 U.S. 315, 324 (1991). To survive a motion to dismiss, a plaintiff must allege facts sufficient to rebut this presumption, with the "focus of the inquiry" centered on "the nature of the actions taken

and on whether they are susceptible to policy analysis" rather than on "the agent's subjective intent." *Id.*; *see also United States v. Varig Airlines*, 467 U.S. 797, 813 (1984) (similar).

Here, Plaintiffs do not allege facts supporting that Moving Defendants acted without regard to policy.  Rather, in support of their FTCA claims, Plaintiffs broadly allege that "[d]espite actual and constructive notice of Defendant Akparanta's abuse, employees of the United States acted negligently in failing to take reasonable steps to prevent inmates at MCC including Plaintiffs from being preyed upon." *See, e.g.*, Compl. ¶ 199. Even the specific examples provided in the Complaint fail to rebut the presumption that officials exercised the judgment conferred to them. For example, it is alleged that Lewis said that she did not "want to hear nothing about officers touching [inmates]" and that Collier believed that Akparanta would eventually "get caught." Compl. ¶¶ 100, 107. These allegations do not support the inference that Moving Defendants were lazy and inattentive in rooting out sexual misconduct. *See, e.g.*, *Woodruff v. United States*, No. 16 Civ. 1884, 2020 WL 3297233, at *6 (D.D.C. June 18, 2020) (decision about "how and when to respond to respond to [an] alleged assault" was susceptible to policy analysis, when it was not claimed that officers were "complete[ly] derelict[]" in their duty to patrol).

Further, the focus of Plaintiffs' theory is that Moving Defendants were careless and inattentive in their failure to report sexual abuse. *See* Pls. Br. at 24. But again, the FTCA does not provide a cause of action for claims grounded solely in the failure to follow regulations. *See, e.g.*, *McGowan v. United States*, 94 F. Supp. 3d 382, 393 (E.D.N.Y. 2015) ("By relying so completely on the violation of the regulation as the sole basis for the existence of a duty and its breach, plaintiff has run squarely into the bar of sovereign immunity."), *aff'd by* 825 F.3d 118 (2d Cir. 2016). "A breach of government regulations cannot be the *sine qua non* of a negligence claim under the FTCA because there is no private analogue—private individuals have no regulations." *Id.*

10

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint against each of

Moving Defendants in full.

Dated:   August 20, 2021
         New York, New York

                              Respectfully submitted,

                              AUDREY STRAUSS
                              United States Attorney for the
                              Southern District of New York

                    By:    */s/ Allison Rovner*
                           ALLISON ROVNER
                           ZACHARY BANNON
                           Assistant United States Attorneys
                           86 Chambers Street, 3rd Floor
                           New York, New York 10007
                           Tel.:  (212) 637-2691/2728
                           Fax:  (212) 637-2717
                           E-mail: Allison.Rovner@usdoj.gov
                                   Zachary.Bannon@usdoj.gov